UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RUBEN CONJI HOLTON,** | : | **CIVIL ACTION NO. 4:21-cv-737** |
| **Plaintiff** | : | **(MANNION, D.J.)** |
| | | **(ARBUCKLE, M.J.)** |
| v. | : | |
| **WARDEN SCOTT FINLEY, *et al*.,** | : | |
| **Defendants** | : | |

## **MEMORANDUM**

Presently before the court is Magistrate Judge Arbuckle's December 30, 2021 report and recommendation (hereinafter "report"), (Doc. 22), which recommends the granting in part, and denying in part the defendant prison officials' motion to dismiss the joint civil rights and tort claim complaint filed by prisoner Ruben Conji Holton, (Doc. 15). The report recommends that the court dismiss without prejudice plaintiff's FTCA claim for failure to exhaust his tort claim administrative remedies, and to allow plaintiff to file a new tort claim action. The report also recommends that the defendants' motion be denied to the extent it argued that plaintiff failed to properly exhaust his constitutional claims under Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), since he alleged

interference by prison staff and, to the extent it argued that plaintiff improperly joined multiple unrelated claims into a single action in violation of Fed.R.Civ.P. 20. The report further recommends that the court deny the defendants' alternative motion for a more definite statement under Rule 12(e). Defendants have filed objections to the report, (Doc. 23), and plaintiff filed a response to their objections, (Doc. 24). For the following reasons, the report will be adopted in its entirety and the defendants' objections will be overruled. Plaintiff's <u>Bivens</u> claims, as alleged in his complaint, will proceed against all defendants and, his tort claim will be dismissed without prejudice.

**I. BACKGROUND**

Since the complete background of this case is stated in the report, it will not be fully repeated herein. Also, since the report states the names and positions of the six BOP prison official defendants, they will not be repeated. At all relevant times, plaintiff was a federal prisoner at FCI Schuylkill, and he has raised constitutional claims under the 1st and 8th Amendments against the six defendant prison officials regarding their alleged retaliation, excessive force, and their failure to provide him with proper conditions of confinement and proper medical care. Plaintiff's 8th Amendment claims are related, in part, to the COVD-19 virus. Plaintiff further claims that the United States,

through its agency the BOP, was negligent in rendering him care pursuant to the Federal Tort Claims Act, ("FTCA"). All of plaintiff's claims are detailed in the report and are not repeated.

The plaintiff does not indicate in his complaint if he sues the named defendants their individual and/or official capacities. As relief, plaintiff seeks monetary damages.[1]

On August 2, 2021, defendants jointly filed a motion to dismiss plaintiff's complaint under Fed.R.Civ.P. 12(b), or alternatively, for a more definite statement under Rule 12(e). (Doc. 14). The parties then submitted their briefs in support of and in opposition to the motion, along with Exhibits. On December 30, 2021, Judge Arbuckle issued his report recommending that defendants' motion to dismiss be granted, in part, and denied, in part. (Doc. 22). On January 12, 2022, defendants filed timely objections to the

---

[1] To the extent plaintiff asserts his Bivens claims against the six BOP defendants in their official capacities, they will be dismissed. "An action against government officials in their official capacities constitutes an action against the United States; and Bivens claims against the United States are barred by sovereign immunity, absent an explicit waiver." Lewal v. Ali, 289 F.App'x 515, 516 (3d Cir. 2008) (citing FDIC v. Meyer, 510 U.S. 471, 483, 114 S.Ct. 996 (1994); Jaffee v. United States, 592 F.2d 712, 717 (3d Cir. 1979); Consejo de Desarrollo Economico de Mexicali v. United States, 482 F.3d 1157, 1173 (9th Cir. 2007)(Bivens action can be maintained against a defendant in his or her individual capacity only). Here, Congress has not waived sovereign immunity for the plaintiff's constitutional claims against the United States.

report. On January 26, 2022, plaintiff filed a brief in opposition to defendants' objections with Exhibits. (Doc. 24).

**II. STANDARD OF REVIEW**

When objections are timely filed to the report and recommendation of a magistrate judge, the district court reviews *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard of review is *de novo*, the extent of review is committed to the sound discretion of the district judge and the court may rely on the magistrate judge's recommendations to the extent it deems proper. Rieder v. Apfel, 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b), advisory committee notes. *See also* Univac Dental Co. v. Dentsply Int'l Inc., 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining that judges should give some review to every report and recommendation)). Nonetheless, regardless of whether or not timely objections are made to the

report, the district court may accept, not accept, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. §636(b)(1); Fed.R.Civ.P. 72(b)(3).

### III. DISCUSSION

The report sets forth the correct legal standards regarding a motion to dismiss under Rule 12(b)(1) and (b)(6), as well under Rules 20 and 12(e), and there is no need to re-state them. The report also discusses the exhaustion requirements with respect to plaintiff's tort claim under the FTCA and his constitutional claims brought under Bivens.

Initially, as the report states, since the Exhibits showed that plaintiff had not yet exhausted his administrative remedies with the BOP with respect to his FTCA claims regarding the alleged COVID-19 conditions at FCI Schuylkill at the time he filed his instant complaint, the court should dismiss without prejudice the FTCA claims, pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of jurisdiction. As the report also indicates, since the government raised a factual challenge to the court's jurisdiction regarding plaintiff's FTCA claim, the evidence submitted by the government outside the pleadings was properly considered. *See* Gould Elecs. Inc. v. United States, 220 F.3d 169, 176-77 (3d Cir. 2000).

In a very similar case, the Third Circuit in Bakhtiari v. Spaulding, 779 F.App'x 129, 132 (3d Cir. 2019), explained:

> An FTCA action may not be instituted against the United States "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. §2675(a); *see* McNeil v. United States, 508 U.S. 106, 111, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993). This exhaustion requirement "is jurisdictional and cannot be waived." Roma v. United States, 344 F.3d 352, 362 (3d Cir. 2003) (citation omitted). Here, the undisputed facts in the record show that [plaintiff] instituted this case in January 2017, three months before his FTCA claims were finally denied by the BOP in writing on April 18, 2017. Thus, the District Court lacked jurisdiction over [plaintiff's] FTCA claims. *See* McNeil, 508 U.S. at 111–13, 113 S.Ct. 1980.

Thus, the court finds no error with the report's determination that it lacks jurisdiction over plaintiff's FTCA claims, *see id.*, and these claims will be dismissed without prejudice.

Next, the court considers the report's recommendation that plaintiff's constitutional claims under Bivens should not be dismissed at the pleading stage for failure to exhaust his administrative remedies.

The Third Circuit in Bakhtiari, 779 F.App'x at 132-33, stated the exhaustion requirement for an inmate's civil rights action as follows:

> The PLRA requires prisoners to exhaust available administrative remedies before bringing a suit alleging unconstitutional conduct by prison officials. 42 U.S.C. §1997e(a); *see* Nyhuis v. Reno, 204 F.3d 65, 68 (3d Cir. 2000) (noting that §1997e(a) "applies equally to §1983 actions and to Bivens actions") (citation omitted). As "proper

6

exhaustion of administrative remedies is necessary" to fulfill the PLRA's exhaustion requirement, an untimely or otherwise procedurally defective administrative grievance or appeal does not satisfy the exhaustion requirement. Woodford v. Ngo, 548 U.S. 81, 84, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006); *see also* Spruill v. Gillis, 372 F.3d 218, 230 (3d Cir. 2004). However, the PLRA requires exhaustion of only those remedies that are "available," and an administrative remedy, although officially on the books, may not be available in some circumstances, including when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Ross v. Blake, –– U.S. ––––, 136 S. Ct. 1850, 1860, 195 L.Ed.2d 117 (2016); *see also* Rinaldi v. United States, 904 F.3d 257, 268 (3d Cir. 2018).

As the report explains, since at this stage of the case the plaintiff alleges that prison officials thwarted and interfered with his administrative remedies, he has sufficiently claimed that these remedies were not available to him with respect to some of his claims. Thus, the court in this case will not dismiss plaintiff's constitutional claims based on the exhaustion issue at this time. Nor will the court convert the defendants' motion into one for summary judgment. As the report properly finds, "[n]othing in the record before this Court suggests that Plaintiff has had an opportunity to conduct discovery on this issue", and "[t]herefore, [the court] decline[s] to convert Defendants' motion to a motion for summary judgment at this time. Plaintiff should have an opportunity to develop this theory during discovery." (Doc. 22 at 21).

Further, as the Court in Bakhtiari, 779 F.App'x at 134, indicated, "to defeat exhaustion defense based on threats, 'inmate must show (1) that the

threat was sufficiently serious that it would deter a reasonable inmate of ordinary firmness and fortitude from lodging a grievance and (2) that the threat actually did deter this particular inmate." (quoting Rinaldi, 904 F.3d at 269). Prior to making a factual determination as to whether the defendants are entitled to judgment as a matter of law on the plaintiff's Bivens claims for failure to exhaust them, plaintiff should be allowed discovery to try and show that the defendants thwarted him from taking advantage of the available BOP administrative remedies, as he alleges. The defendants point to the fact that the plaintiff was a prolific filer of administrative remedies and his history shows that that he was not thwarted from filing them. The defendants will have the opportunity to re-assert their arguments regarding the plaintiff's alleged failure to exhaust his Bivens claims after discovery is completed in a summary judgment motion, if appropriate.

With respect to the report's recommendation that defendants' motion to dismiss based upon Rule 20 should be denied, the court concurs with the report's finding that "the interests of judicial economy weigh in favor of allowing the [plaintiff's claims related to the COVID-19 pandemic as well as his] non-COVID-19 related claims to [jointly] proceed."

Finally, the court finds no error with the reports finding that in construing the *pro se* plaintiff's complaint and his attached Declaration

8

liberally, as required, it sufficiently comports with Rule 8, and that defendants' motion for a more definite statement under Rule 12(e) should be denied.²

### IV. CONCLUSION

Based upon the above reasoning, the court will adopt Judge Arbuckle's report and recommendation, (Doc. 22), in its entirety, and overrule defendants' objections, (Doc. 23). This case will proceed with respect to all of the plaintiff's Bivens claims under the 1st and 8th Amendments against all six prison official defendants in their individual capacities. The plaintiff's Bivens claims against the prison official defendants in their official capacities will be dismissed. The plaintiff's FTCA claims will be dismissed for lack of jurisdiction, but without prejudice.

---

²To the extent defendants contend that plaintiff's Bivens claims are not cognizable since there is no available Bivens remedy, *see* Ziglar v. Abbasi, 137 S. Ct. 1843 (2017), this issue will not be addressed since the report accurately states that "they have not briefed the issue in their motion", and "the court declines to address the availability of a Bivens remedy *sua sponte* under 28 U.S.C. §1915(e)(2)(B)." In any event, the court recognizes that defendants reserved the right to argue that there is no available Bivens remedy with respect to the plaintiff's claims in a subsequent dispositive motion.

An appropriate order follows.

s/*Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: February 25, 2022**
21-737-01