**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RUBEN CONJI HOLTON,** | : | **CIVIL ACTION NO. 4:21-CV-737** |
| **Plaintiff,** | : | **(JUDGE MANNION)** |
| **v.** | : | |
| **WARDEN SCOTT FINLEY,** *et al.,* | : | |
| **Defendants.** | : | |

## MEMORANDUM

Presently before the court in this *pro se* prisoner lawsuit is the March 21, 2024, report and recommendation of Magistrate Judge William I. Arbuckle. (Doc. 77.) Judge Arbuckle recommends that Defendants' second motion to dismiss be granted because there is no *Bivens* remedy available for the constitutional violations alleged by Plaintiff. Objections to this report were originally due by April 8, 2024, but due to a mailing error the court ordered the Clerk of Court to resend a copy of the report to Plaintiff and reset the objection deadline to April 24, 2024. (Doc. 79.) Nonetheless no objections to this report have been filed and the time within which they were due has lapsed under the new deadline. For the following reasons, the report, will be **ADOPTED IN ITS ENTIRETY**.

## I.    Background

Since the report correctly states the procedural and factual background of this case, it will not be repeated fully herein. (Doc. 77 pp. 1-2.) In short Plaintiff initiated this lawsuit by filing a combined Federal Tort Claims Act (FTCA) and *Bivens* complaint against six Bureau of Prisons (BOP) employees. The court dismissed all of Plaintiff's FTCA claims without prejudice for failure to exhaust. (Doc. 26.) With leave of the court Defendants now also move to dismiss Plaintiff's *Bivens* claims under Federal Rule of Civil Procedure 12(b)(6).

## II.    Standard of Review

Where objection no objection is made to a report and recommendation, the court should as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Univac Dental Co. V. Dentsply Intern.*, Inc., 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). In any event, whether timely objections are made or not, the district court may

accept, or modify, in whole or in part, the findings or recommendations made by a magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)). Here Defendants argue that Plaintiff fails to state a claim upon which relief may be granted because there is no *Bivens* remedy available for the constitutional violations alleged by Plaintiff.

No federal statute authorizes federal courts to hear suits against federal officers who violate the Constitution. However, the Supreme Court has inferred a narrow cause of action against federal officers for damages directly from the text of the Constitution. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (Fourth Amendment violation related to warrantless search and seizure); *Carlson v. Green*, 446 U.S. 14 (1980) (Eighth Amendment violation related to a prison officials' denial of medical care); *Davis v. Passman*, 442 U.S. 228 (1979)

(Fifth Amendment due process clause violation based on sex discrimination in federal employment).

It is not enough that a plaintiff allege he suffered a violation of the same general right as one of the three recognized grounds for a *Bivens* claim. The Supreme Court has held that it will not expand the *Bivens* cause of action to contexts that are "different in a meaningful way from previous *Bivens* cases" decided by the Court. *Hernandez v. Mesa*, 140 S. Ct. 735, 743 (2020) (quoting *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1859 (2017)). As a result, in order to have a cognizable *Bivens* claim, a plaintiff must allege that his claim is both factually and legally similar to *Bivens* claims previously decided by the Supreme Court. *Id*. at 743.

If the claim presents a new context, courts then must apply a "special factors" analysis to determine whether such factors "counsel hesitation" in expanding *Bivens*. *Abbasi*, 137 S. Ct. at 1857, 1876 (citation omitted). "[T]he inquiry must concentrate on whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed." *Id*. at 1857-58. Under *Abbasi*, "any alternative, existing process for protecting the [plaintiff's] interest[s]" is a compelling reason to "refrain" from extending a *Bivens* remedy. *Id*. at 1858 (citations omitted).

- 4 -

### III.    Discussion

Here Plaintiff seeks Damages for (1.) Defendant Finley's failure to require BOP staff to wear masks and gloves as well as provide covid-19 tests to exposed inmates, (2.) Defendants Brosious, Liebson-Mace, and Spiese's failure to treat unspecified medical conditions as well as delay of testing and inadequate treatment of covid-19, and (3.) Defendant Liebson-Mace's use of excessive of force all allegedly in violation of the Eight Amendment. Additionally, Plaintiff seeks damages for retaliation by Defendants Miller and Raup in violation of the First Amendment.

### A. Plaintiff's Eighth Amendment Claims

Judge Arbuckle found and this court agrees that Plaintiff's Eighth Amendment claims are meaningfully different from the three contexts where a *Bivens* remedy has been recognized. Plaintiff's claims bear no resemblance to the Fourth Amendment claim in *Bivens* or Fifth Amendment claim in *Davis*. Although Plaintiff's claims are like *Carlson* in that they also arise under the Eighth Amendment, Plaintiff's claims are distinguishable and therefore lie outside the recognized *Bivens* contexts.

In *Carlson*, it was alleged that the defendants knew their medical facility was inadequate for the seriousness of the prisoner's chronic asthmatic conditions, kept him at the facility against the advice of doctors, failed to provide competent medical attention for eight hours after suffering an asthmatic attack, administrated contraindicated drugs that made the attack more severe, attempted to use a respirator known to be inoperative, and delayed for too long his transfer to an outside hospital. 446 U.S. at 16 n.1. Significantly, the prisoner died because of the federal officer's alleged acts. *Id*.

Here Plaintiff makes only conclusory allegations of inadequate medical treatment and excessive force during medical treatment that fail to identify the medical conditions for which he sought and was allegedly denied treatment. His only specific allegation of denied medical treatment is a delayed covid-19 test from which he does not allege any resultant injury. Likewise other courts have recognized that claims challenging the BOP's covid-19 mitigation policies are not analogous to *Carlson*. *See Glenewinkel v. Carvajal*, No. 3:20-CV-2256-B, 2022 WL 179599, at *6-7 (N.D. Tex. Jan 20, 2022) (finding that an Eighth Amendment claim alleging BOP staff was not providing adequate protection from covid-19 was meaningfully different from the Eighth Amendment claim brought in *Carlson*). Accordingly,

Plaintiff's Eighth Amendment claims present a new context, and the court must consider whether special factors counsel hesitation to expand *Bivens*.

In considering these special factors Judge Arbuckle found that Plaintiff could have pursued his Eight Amendment claims through the BOP's administrative remedy program, noting that the Supreme Court has observed this program provides a "means through which allegedly unconstitutional actions and policies can be brought to the attention of the BOP and prevented from recuring." *Corr. Servs. Corp., v. Malesko*, 534 U.S. 61, 74 (2001). Likewise other courts have found that "Judges are not 'well suited' to create a damages action for claims based on federal jails' COVID-19 responses, which are issues best left to the Legislature or Executive Branches." *Blanding v. Federal Bureau of Prisons*, No. CV 21-1115, 2021 WL 5139912 (E.D. Pa. Nov. 4, 2021). Because there is an alternative remedial structure in place, and other special factors counsel hesitation, Judge Arbuckle recommends, and this court agrees, a *Bivens* remedy should not be made available here. Accordingly, Plaintiff's Eighth Amendment claims will be dismissed with prejudice.[1]

---

[1] This Court may dismiss a claim with prejudice when leave to amend would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

**B. Plaintiff's First Amendment Claim**

Although *Davis* was based on the Fifth Amendment, Plaintiff argues that his First Amendment retaliation claims are comparable since Defendant Raup discriminated against him because "he wasn't a Jew." Judge Arbuckle and in turn this court are unpersuaded by this argument. Plaintiff's retaliation claim involves both a constitutional right where no *Bivens* remedy has been recognized, and a different class of defendants (corrections staff, as opposed to a member of Congress) than *Davis*. Furthermore, the Supreme Court as held "there is no *Bivens* remedy for First Amendment retaliation." *Egbert v. Boule*, 596 U.S. 482, 499 (2022). Accordingly, Plaintiff's First Amendment claim will be dismissed with prejudice.

**C. Defendants' Additional Arguments**

Because Judge Arbuckle found that no *Bivens* remedy should be extended to Plaintiff, he did not nor will this court address Defendants' additional arguments for dismissal *e.g.*, qualified immunity.

**IV.   Conclusion**

Based on the aforesaid the Report and Recommendation of Judge Arbuckle will be **ADOPTED IN ITS ENTIRETY** as the decision of the court.

Defendants' second motion to dismiss (Doc. 49) will be **GRANTED**, Plaintiff's remaining claims will be **DISMISSED** with prejudice, and this case **CLOSED**. An appropriate order follows.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: May 1, 2024**
21-737-02